IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHAREE BRUNSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-6524 |
| | : | |
| MICHAEL JOSEPH HILLEGAS, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                      **May 1, 2026**

Kharee Brunson has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his pretrial detention in the Chester County Prison.  When he filed the instant habeas petition, Brunson was awaiting trial in three criminal cases.  Because the charges against him in all three cases have since been resolved, the petition will be dismissed as moot.

**BACKGROUND**[1]

Between November 2023 and January 2025, Brunson was charged in three different criminal cases in Chester County.  In November 2023, Brunson was charged by criminal complaint with the misdemeanor offenses of institutional vandalism of an educational facility, criminal mischief, and open lewdness.  *See Commonwealth v. Brunson*, MJ-15304-CR-0000444-2023 (the "2023 case").  In January 2024, he was charged by criminal complaint with strangulation, simple assault, disorderly conduct, harassment, and possessing an instrument of crime with intent to employ it criminally.  *See Commonwealth v. Brunson*, MJ-15307-CR-0000023-2024 (the "2024 case").  A year later, in January 2025, Brunson was again charged by criminal complaint with strangulation, simple assault, and harassment, arising out of a domestic violence incident.  *See*

---

[1] The following factual summary is based on Brunson's habeas petition and the dockets in his state court cases, accessed via the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/casesearch.  Excerpts from the state court dockets are also included as exhibits to Brunson's habeas petition.

*Commonwealth v. Brunson*, MJ-15307-CR-0000001-2025 (the "2025 case"); Pet'r's Ex. B, ECF No. 2-1. All three sets of charges were initially filed in Magisterial District Court and later transferred to the Chester County Court of Common Pleas, where Brunson was charged by information. Although Brunson previously posted bail, it appears he has been detained at the Chester County Prison since September 4, 2025. *See Commonwealth v. Brunson*, CP-15-CR-0002860-2025 (C.P. Chester Cnty.) ("Confinement Information" section).

In November 2025, Brunson filed the instant § 2241 habeas petition challenging his pretrial detention based on alleged violations of his Fourth, Fifth, and Sixth Amendment rights. Pet. 3, 7, ECF No. 2.[2] The petition also includes allegations of false arrest and false imprisonment. *Id.* at 7. Brunson alleges his lawyer provided "ineffective counseling" in the 2023 case by failing to inform him of the importance of a preliminary hearing and by advising him that if he did not waive his preliminary hearing, he would lose his criminal trial. *Id.* at 10. The docket reflects that, consistent with his attorney's advice, Brunson waived a preliminary hearing the 2023 case in January 2025. Pet'r's Ex. A, ECF No. 2-1. As to the 2024 and 2025 cases, Brunson appears to challenge the lack of a warrant for his arrest. He alleges he was arrested in the 2024 case pursuant to an arrest warrant, yet there was no warrant at the time of his arrest or at any time thereafter. Pet. 11-12. In support of this claim, he points to the Magisterial District Court docket, which reflects that a criminal complaint was filed on January 30, 2024, but does not reflect issuance of an arrest warrant. *Id.*; Pet'r's Ex. D, ECF No. 2-1. He also notes that when he called the Chester County Clerk of Courts, he was told there were no arrest warrants under his name or in any of his three criminal cases. Pet. 12. Brunson makes a similar claim as to the 2025 case, alleging that although

---

[2] In citing to Brunson's habeas petition, the Court adopts the pagination supplied by the ECF system.

the criminal complaint filed in that case requested a warrant for him, no warrant was ever issued. *Id.* at 10-11; Pet'r's Exs. B-C, ECF No. 2-1.  He contends he has met ten people in the Chester County Prison with "fake arrest warrants."  Pet. 10.  As relief for the foregoing violations, Brunson seeks dismissal of all charges against him, termination from employment of the individual defendants named in the petition, and $1 million in money damages.  *Id.* at 8.

The dockets in Brunson's criminal cases reflect that on April 22, 2026, he pled guilty to the felony strangulation charges in the 2024 and 2025 cases and the criminal mischief charge in the 2023 case pursuant to a negotiated guilty plea.  *See Commonwealth v. Brunson*, CP-15-CR-0002860-2025 (C.P. Chester Cnty.) ("Disposition Sentencing/Penalties" section); *Commonwealth v. Brunson*, CP-15-CR-0001423-2024 (C.P. Chester Cnty.) (same); *Commonwealth v. Brunson*, CP-15-CR-0000328-2025 (C.P. Chester Cnty.) (same).[3]  The remaining charges in all three cases were withdrawn.  The same day, Brunson was sentenced to 11½ to 23 months of imprisonment for the 2025 strangulation conviction and two years of probation for the 2024 strangulation conviction. He was also ordered to pay restitution of $695 for the criminal mischief conviction.

**DISCUSSION**

Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  While district courts have "'pre-trial' habeas corpus jurisdiction" under § 2241, *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975), such jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes,'" *Duran v. Thomas*, 393 F. App'x 3,

---

[3] CP-15-CR-0000328-2025 is the continuation of the 2023 case, which was not transferred to the Court of Common Pleas until January 2025.

4 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46). Where a claim is not exhausted, habeas jurisdiction "should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 443. Moreover, once a petitioner has been convicted and sentenced in state court, a federal habeas challenge to his pretrial detention is moot. *See, e.g., Norton v. Pennsylvania*, No. 22-2214, 2022 WL 18140102, at *1 (3d Cir. Nov. 21, 2022) (citing *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam)); *Bush v. Russell*, No. 25-619, 2026 WL 515980, at *2 (E.D. Pa. Jan. 6, 2026), *report and recommendation adopted*, 2026 WL 512690 (E.D. Pa. Feb. 24, 2026); *Robinson v. Harper*, No. 22-1223, 2024 WL 4150433, at *1 (W.D. Pa. Aug. 6, 2024) (collecting cases).

As noted, when Brunson filed the instant habeas petition challenging his pretrial detention, he was still awaiting trial in his three criminal cases. Because he has since been convicted and sentenced for those offenses, however, his claims challenging his pretrial detention are moot under the authorities cited above. Accordingly, Brunson's habeas petition will be dismissed. The dismissal is without prejudice to Brunson's right to file a habeas petition under 28 U.S.C. § 2254 challenging his state court judgments.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

4